IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mary Irene Bell, ) | C/A No.: 3:12-3534-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Geonise E. Harris, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Mary Irene Bell filed this action on November 15, 2012, in the Richland County Court of Common Pleas, alleging job-related discrimination claims against Geonisa E. Harris[1] ("Defendant"). Defendant timely removed the action on December 14, 2012, pursuant to 28 U.S.C. § 1331, on the basis of federal question jurisdiction. [Entry #1].

This matter comes before the court on Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [Entry #6]. Plaintiff filed a response to the motion [Entry #30], and Defendant filed a reply. [Entry #33]. Also before the court are Plaintiff's two motions to amend the complaint. [Entries #15, #24]. Defendant filed a response to Plaintiff's second motion to amend the complaint [Entry #28], and Plaintiff's reply deadline has passed. These motions having been fully briefed, they are ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.).

---

[1] Defendant asserts her first name is misspelled in the complaint and caption.

Because the motion to dismiss is dispositive and the motion to amend is arguably dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court grant Defendant's motion to dismiss. It is further recommended that the district court deny Plaintiff's first motion to amend and grant her second motion to amend.

I.      Factual and Procedural Background

Plaintiff alleges she was subjected to disparate terms and conditions at her job based on her age and disability. [Entry #1-2 at 3]. She contends she was denied a reasonable accommodation, harassed, treated unprofessionally, and subjected to unreasonable demands. *Id.* She alleges that she received good and excellent evaluations. *Id.*

Plaintiff states that she was injured on the job five times between October 12, 2010, and February 27, 2012, and that three of her accidents were not immediately reported. *Id.* at 3–4. She alleges that her manager willingly and knowingly hurt and re-hurt her injury. *Id.* at 4. Plaintiff seeks reimbursement for medical expenses, lost benefits, lost time, rehabilitation expenses, travel expenses, and the loss of personal property. *Id.* at 5.

Plaintiff received her right-to-sue notice on July 12, 2012 [Entry #24-1 at 1], and thereafter brought the pending lawsuit. Although Plaintiff's complaint does not specify her causes of actions, it may be liberally read to state claims pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq.* ("ADEA"), and the

2

Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA").

II. Discussion

    A. Motion to Dismiss

        1. Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Plaintiff is a *pro se* litigant, and thus her pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, a court may not construct a party's legal arguments for her, *Small v. Endicott*, 998 F.2d 411, 417–418 (7th Cir. 1993), nor should it "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

2. Analysis

Defendant contends that she is subject to dismissal because there is no individual liability under the ADEA or ADA.[2] [Entry #6 at 3]. It is well-settled that the ADEA and ADA do not establish individual liability for co-workers or supervisors. *See Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir. 1994) (holding that the ADEA limits civil liability to the employer and precludes supervisor liability); *Jones v. Sternheimer*, 387 Fed. Appx. 366, 368 (4th Cir. July 6, 2010) (holding there is no individual liability under the ADA or the ADEA). In response to Defendant's motion, Plaintiff did not address whether Defendant could be held personally liable for the alleged actions. In addition, Plaintiff's second motion to amend seeks to add her employer as a defendant and is unclear as to whether Plaintiff also seeks to have Defendant dismissed from the lawsuit. [Entry #24 at 2]. Finally, Plaintiff has failed to make any allegations specific to Defendant, including Defendant's job title, duties, or supervisory authority. For these reasons, the undersigned recommends Defendant Geonisa E. Harris be dismissed with prejudice.

To the extent Plaintiff attempts to assert claims related to work-related injuries, Defendant argues that such claims should be dismissed because they fail to state a claim upon which relief may be granted and fall within the exclusive jurisdiction of the Workers' Compensation Commission. [Entry #6 at 5]. Plaintiff's complaint fails to provide any details regarding her alleged injuries. Furthermore, the undersigned agrees

---

[2] Defendant also contends Plaintiff has failed to state a claim under the ADEA or ADA. [Entry #6 at 4–5]. This argument will be addressed in analyzing Plaintiff's motion to amend.

that the Workers' Compensation Commission is vested with exclusive jurisdiction over claims related to injuries sustained on the job. *See Sabb v. South Carolina State Univ.*, 567 S.E.2d 231, 234 (S.C. 2002). Consequently, the undersigned recommends that any such claims be dismissed with prejudice.

  B. Motions to Amend

Plaintiff has two pending motions to amend her complaint. Her first motion [Entry #15] provides no explanation of the proposed amendments or any basis for the motion. For those reasons, the undersigned recommends denying the motion. Plaintiff's second motion seeks to add her employer, Sodexo, as a defendant. [Entry #24 at 2]. Defendant opposes Plaintiff's motion on futility grounds. [Entry #28 at 2].

   1. Legal Standard

Rule 15(a) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The courts have interpreted Rule 15(a) in accord with that spirit. *Justice v. Pennzoil Co.*, 598 F.2d 1339, 1354 (4th Cir. 1979); *Frankel v. Kurtz*, 239 F. Supp. 713, 716 (D.S.C. 1965). A motion to amend should be denied only when it would be prejudicial, there has been bad faith, or the amendment would be futile. *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77 (4th Cir. 2001).

An amendment would be futile if the amended claim would fail to survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *See e.g., United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). A plaintiff fails to state a viable claim pursuant to Fed. R. Civ. P. 12(b)(6)

when the complaint does not contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

      2.      Analysis

Defendant argues that permitting Plaintiff to amend her complaint to add her employer as a defendant would be futile because her vague and conclusory statements do not satisfy the pleading requirements set forth in Fed. R. Civ. P. 8(a). [Entry #28 at 2]. Plaintiff's motion to amend does not seek to alter any allegations in her complaint and she appears to rely on the substantive allegations in her original complaint to state her claims. Relying on its briefing on the motion to dismiss, Defendant contends that the allegations set forth in the original complaint are insufficient under Fed. R. Civ. P. 12(b)(6).

While the liberal pleading requirements of Rule 8(a) only require that a pleading contain a short and plain statement of the basis for the court's jurisdiction and of the basis for Plaintiff's claims against defendants, courts hold that a plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted). Although the court must liberally construe Plaintiff's *pro se* complaint, Plaintiff must do more than make conclusory statements to support her claim. *See Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*,

886 F.2d 721, 723 (4th Cir. 1989) (same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion").

Here, in support of her ADA and ADEA claims, Plaintiff alleges that she was subjected to disparate terms and conditions regarding her age and disability. [Entry #1-2 at 3]. With regard to her ADA claims, she also asserts that she was denied a reasonable accommodation and was discriminated against on the job because of her disability. *Id.* at 3–4. Plaintiff's complaint does not include any specific factual allegations to support her claims. The vague and conclusory nature of Plaintiff's allegations do not state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678.

The undersigned finds that the allegations in Plaintiff's original complaint are insufficient under 12(b)(6) and that granting Plaintiff's motion to amend to add her employer as a defendant does not save the deficient pleading. However, in light of the procedural posture of this case and Plaintiff's self-representation, it is recommended that Plaintiff's motion be granted and that she be given leave to file an amended complaint within 15 days of the district judge's order on the pending motions. It is further recommended that Plaintiff be directed to (1) submit her amended complaint on a court-approved "*Pro se* Non-Prisoner" complaint form; (2) comply with Fed. R. Civ. P. 8(a) in drafting her amended complaint;[3] and (3) identify SDH Education East, LLC, as the proper defendant in this matter.[4]

---

[3] In response to Defendant's motion to dismiss, Plaintiff presented additional factual allegations and documents related to her ADA claim for the court to consider in ruling on the motion. Because the additional information was provided in response to the motion to dismiss, the undersigned does not find that Plaintiff's complaint was properly amended

7

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendant's motion to dismiss [Entry #6] be granted. The undersigned further recommends that Plaintiff's first motion to amend [Entry #15] be denied and that her second motion to amend [Entry #24] be granted. If Plaintiff fails to file an amended complaint within 15 days of the district court's order on these motions, the undersigned recommends dismissing this action in its entirety with prejudice.

IT IS SO RECOMMENDED.

June 3, 2013                                                            Shiva V. Hodges
Columbia, South Carolina                                   United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

to include these allegations and documents. It would be proper for Plaintiff to include this information in her amended complaint.
[4] In her response to Plaintiff's motion, Defendant indicated that the correct name of Plaintiff's employer is SDH Education East, LLC, rather than Sodexo. [Entry #28 at 1].

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).