IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mary Irene Bell, ) | C/A No.: 3:12-3534-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| SDH Education East, LLC; and Sodexo, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Mary Irene Bell filed this action on November 15, 2012, in the Richland County Court of Common Pleas, alleging job-related discrimination while employed by SDH Education East, LLC[1] as a dining room attendant. The action was timely removed on December 14, 2012, pursuant to 28 U.S.C. § 1331, on the basis of federal question jurisdiction. [Entry #1].

This matter comes before the court on Defendants' motion to dismiss Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). [Entry #52]. Plaintiff filed a response to the motion [Entry #68], and Defendants filed a reply. [Entry #72]. This motion having been fully briefed, it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the motion to dismiss is dispositive, this report and recommendation is entered

---

[1] Plaintiff has named as defendants SDH Education East, LLC and Sodexo ("Defendants"), but Defendants assert that SDH Education East, LLC was Plaintiff's employer and the correct defendant.

for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court grant Defendants' motion to dismiss.

I.    Factual and Procedural Background

Plaintiff's original complaint named Geonise E. Harris[2] as the sole defendant. Plaintiff alleged she was subjected to disparate terms and conditions at her job based on her age and disability. [Entry #1-2 at 3]. Plaintiff's complaint did not specify her causes of actions, but the undersigned liberally construed it as stating claims pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq.* ("ADEA"), and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq*. ("ADA"). Harris moved to dismiss the complaint because there is no individual liability under the ADEA or the ADA.

Plaintiff moved to amend her complaint to add her employer as a defendant. In a report and recommendation (R&R) dates June 3, 2013, the undersigned recommended Plaintiff's motion to amend be granted. [Entry #34]. The undersigned also noted that to the extent Plaintiff was asserting a claim for injuries sustained on the job, the Workers' Compensation Commission is vested with exclusive jurisdiction over claims related to injuries sustained on the job. *Id*. The undersigned recommended Plaintiff's claims for injuries sustained on the job be dismissed with prejudice, her remaining claims be dismissed without prejudice, and that she be given an opportunity to amend. *Id*. By order dated July 26, 2013, the Honorable Joseph F. Anderson, Jr. adopted the undersigned's R&R. [Entry #47].

---

[2] The parties do not specify the nature of Ms. Harris' employment for SDH Education East, LLC.

2

Plaintiff filed an amended complaint [Entry #37] on June 20, 2013. In her amended complaint, Plaintiff alleges she suffered the following injuries while working for Defendants:

- an October 10, 2010, left ankle stress fracture, *id.* at ¶ 1;
- a September 23, 2011, nonspecific right leg problem involving ankle swelling resulting in Plaintiff's use of crutches, *id.* at ¶ 2;
- an October 30, 2011, "reinjury" of her right foot & ankle, *id.* at ¶ 3;
- a December 3, 2011, sprained left ankle, *id.* at ¶ 4; and
- a March 30, 2012, left ankle sprain with swelling, *id.* at ¶ 5.

Plaintiff alleges that Defendants did not accommodate her based on these injuries. Plaintiff's amended complaint does not contain any allegations of discrimination on account of her alleged disability, age, or otherwise.

Defendants filed the instant motion to dismiss on August 8, 2013, arguing, inter alia, that Plaintiff was not a qualified individual with a disability under the ADA. [Entry #52]. Plaintiff filed a response on November 14, 2013. [Entry #68]. In addition to arguing that Defendants failed to accommodate her under the ADA, Plaintiff recites several additional causes of action, *id.*, including 9 federal claims and 1 state claim, but does not address the arguments in Defendants' motion to dismiss, other than stating that Defendants violated the ADA. *Id.*

3

II.     Discussion

    A.     Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint."  *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).  Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion.  *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).  Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Plaintiff is a *pro se* litigant, and thus her pleadings are accorded liberal construction.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  However, a court may not construct a party's legal arguments for her, *Small v. Endicott*, 998 F.2d 411, 417–418 (7th Cir. 1993), nor should it "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

B.     Analysis

1.     Claims that are not before the court

To the extent Plaintiff attempts to assert claims related to work-related injuries, such claims have already been dismissed with prejudice and are not before the court. [Entry #34, #47].

Plaintiff's amended complaint does not specify the causes of action she is asserting. The undersigned has liberally construed the amended complaint to assert a cause of action for failure to accommodate in violation of the ADA. In response to Defendants' motion to dismiss, Plaintiff presented additional factual allegations and causes of action for the court to consider in ruling on the motion. [Entry #68]. Because the additional information[3] was provided in response to the motion to dismiss, and was not included in Plaintiff's amended complaint, the additional causes of action are not before the court. Plaintiff was previously warned that her factual and legal allegations should be included in the complaint in order to be considered by the court. [Entry #34, n. 3].

2.     Failure to Accommodate in Violation of the ADA

In her amended complaint, Plaintiff appears to be asserting a cause of action for failure to accommodate under the ADA. [Entry #37]. Liberally construed, Plaintiff's

---

[3] Among other documents, Plaintiff presents a Sodexo Accommodation Request Medical Inquiry that was completed by her doctor on October 15, 2013. [Entry #68-1]. Plaintiff's lawsuit was removed to this court on December 14, 2012. Therefore, Plaintiff's 2013 accommodation request, completed after Defendants filed their second motion to dismiss, cannot be the basis for her lawsuit.

amended complaint alleges she is disabled based on the ankle sprains and fractures she suffered in October 2010, September–December 2011, and March 2012.

Not all those with a physical impairment are covered by the ADA. The Fourth Circuit has elaborated by stating that the ADA:

> assures that truly disabled, but genuinely capable, individuals will not face discrimination in employment because of stereotypes about the insurmountability of their handicaps. . . . Extending the statutory protections available under the ADA to individuals with broken bones, sprained joints, sore muscles, infectious diseases, or other ailments that temporarily limit an individual's ability to work would trivialize this lofty objective.

*Halperin v. Abacus Technology Corp.*, 128 F.3d 191, 200 (4th Cir. 1997) (internal citation omitted), *overruled on other grounds by Baird v. Rose*, 192 F.3d 462 (4th Cir. 1999); *see also Pollard v. High's of Baltimore, Inc.*, 281 F.3d 462, 468–69 (4th Cir. 2002). Although the ADAAA expanded the definition of disability, the EEOC listed "sprained joints" and "a broken bone that is expected to heal completely" as examples of "temporary, non-chronic impairments of short duration with little or no residual effects" in its initial draft of the proposed regulations implementing the ADAAA. *See* 74 Fed. Reg. 48431, at 48443. While the EEOC omitted that language from the final regulations due to fear of the possible confusion it would create, courts have recently cited to the language in the proposed regulations for the proposition that temporary, minor impairments are still not usually considered disabilities under the amended ADA. *See Feldman v. Law Enforcement Assocs. Corp.*, 779 F. Supp. 2d 472, 485 (E.D.N.C. 2011) (distinguishing the plaintiff's transient ischemic attack (ministroke) from "a common cold, sprained joint, or any of the other examples listed in the proposed EEOC

6

regulations" in finding that the plaintiff was disabled); *Lewis v. Fla. Default Law Group, P.L.*, C/A No. 8:10-cv-1182-T-27EAJ, 2011 WL 4527456, *4 (M.D. Fla. Sept. 15, 2011) (analyzing the proposed regulations, among other sources, to find that short-term, non-severe ailments are still not typically meant to be treated as disabilities under the ADA).

Here, Plaintiff did not provide any information, either in her amended complaint or in her response to Defendants' motion, that her ankle sprains and fractures were more serious or debilitating than is typical. Because it appears that sprained joints and fractures are not ordinarily considered disabilities under the ADA, Plaintiff has not alleged facts sufficient under Fed. R. Civ. p. 8(a) to withstand Defendants' motion to dismiss. Additionally, because Plaintiff has had a second chance to plead her case, the undersigned recommends Defendants' motion to dismiss be granted with prejudice.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendants' motion to dismiss [Entry #52] be granted with prejudice, as the facts alleged by Plaintiff, with the benefit of a second chance to plead them, do not rise to the level of actionable failure to accommodate under the ADA.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

December 18, 2013                           Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge


**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Bloom, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).