IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mary Irene Bell, | C/A No.: 3:12-cv-03534-JFA |
| Plaintiff, | |
| v. | ORDER |
| SDH Education East, LLC; Sodexo, | |
| Defendants. | |

Plaintiff Mary Irene Bell, proceeding *pro se*, brought the above-captioned action against her former employer, SDH Education East LLC and Sodexo[1] ("Defendants"), seeking two million dollars in damages pursuant to the Americans with Disabilities Act ("ADA"). In general, Plaintiff alleges that her employer failed to accommodate injuries to both of her legs and ankles. The primary matter before this court is Defendants' motion to dismiss. ECF No. 52.

The Magistrate Judge assigned to this action[2] has prepared a Report and Recommendation that the court grant Defendants' motion.[3] *See* ECF No. 73. The Report and Recommendation sets forth the relevant facts and standards of law on this matter, and the court incorporates such without a recitation. Plaintiff was advised of her right to file objections to the Report and Recommendation, which was mailed to Plaintiff on December 18, 2013. Plaintiff

---

[1] Defendants claim that SDH Education East, LLC alone is the proper Defendant.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[3] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying plaintiff of the summary judgment dismissal procedure and possible consequences if Plaintiff failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motion.

1

filed objections to the Report and Recommendation on March 11, 2014.  ECF No. 83. Defendants replied on March 28, 2014.  ECF No. 84.

Plaintiff's objections simply restate and supplement the factual account from Plaintiff's amended complaint.  ECF No. 83; ECF no. 37.  The Magistrate Judge liberally construed Plaintiff's amended complaint to contain a cause of action under the ADA and the Report and Recommendation squarely addressed that cause of action.  Plaintiff's objections to the Report and Recommendation in no way attack the legal merits of Defendant's motion to dismiss and fail to rise to the level of "specific" written objections to the Report and Recommendation.  *See* FED. R. CIV. P. 72(b).  In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983); *see also* 28 U.S.C. § 636(b)(1) (providing that a judge "shall make a de novo determination of those portions of the report . . . to which objection is made").

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law.  The Report is incorporated herein by reference in its entirety.  Moreover, the court finds that Plaintiff's alleged stress fractures, ankle sprains, and other leg injuries are temporary impairments, and therefore not a disability within the meaning of the ADA.  *Pollard v. High's of Baltimore, Inc.*, 281 F.3d 462, 468 (4th Cir. 2002) ("An impairment simply cannot be a substantial limitation on a major life activity if it is expected to improve in a relatively short period of time.").

3

Accordingly, the court hereby grants Defendants' motion to dismiss. ECF No. 52. This case is, therefore, dismissed *with prejudice*.

IT IS SO ORDERED.

March 31, 2014  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge